JOHNSON, J.,
Dissents, In Part, With Reasons.
hi, respectfully, dissent in part from the majority opinion on the issue of whether the $20,000.00 provided by Mike Sigur was a gift to Scott Sigur personally or a gift to the community.
In the majority opinion, the following is stated regarding the classification of the $20,000.00:
In the dispositive portion of the judgment in which she calculates the equalizing payment, the judgment simply states, “20,000 from Mike Sigur: Gift[,]” and does not clarify whether the gift was to the community or to Scott Sigur only. However, nowhere in the judgment is the $20,000 listed as a debt of the community or as being Scott Sigur’s separate property, and the judgment does not order the community to reimburse this sum to Scott Sigur.
Without any support from the trial court’s judgment, the majority opinion then concludes that the trial court “necessarily” found the $20,000.00 to be a gift to the community.
Instead of making the assumption that the trial court “necessarily” found the $20,000.00 from Mike Sigur to be a gift to the community, I would remand the issue to the trial court for clarification of its judgment. I am of the opinion that this Court cannot determine that the trial court was not manifestly erroneous without having the trial court clarify its classification of the money. There is no finding by the trial court that the money is community property or Scott’s separate property; thus, there is essentially no ruling to review under the manifest error standard.
| therefore, I would remand the issue of whether the $20,000.00 provided by Mike *81 Sigur was a gift to Scott Sigur personally or a gift to the community the trial court for clarification of the judgment. In all other respects, I agree with the majority opinion.